# GARDERE

*attorneys and counselors ▪ www.gardere.com*

Direct: 713-276-5539
Direct Fax: 713-276-6539
achae@gardere.com

July 20, 2009

**VIA E-MAIL & TELECOPIER**
Leonard H. Simon, Esq.
Pendergraft & Simon, L.L.P.
The Riviana Building
2777 Allen Parkway, Suite 800
Houston, Texas 77019

Re:    Case No. 09-35037; *In Re: Right of Way Maintenance Equipment Company, Debtor;* **In the United States Bankruptcy Court for the Southern District of Texas, Houston Division**

Dear Mr. Simon:

    Pursuant to our discussions last week, attached is a copy of the Letter Agreement with exhibits regarding Right of Way Maintenance Company ("ROWMEC") and Cambridge Management Group, LLC ("Cambridge"). I assume your receipt of these documents will dispose of the need to take the Rule 2004 Examination of Cambridge, which is scheduled for July 29, 2009.

    I will be out of the office on vacation and not return until August 6, 2009.

            Yours very truly,

            Alexander C. Chae

ACC/lls
Enclosures

# BANDAS LAW FIRM, P. C.
### Attorneys at Law

CHRISTOPHER A. BANDAS

500 N. Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78471
(361) 698.5200 Office
(361) 698-5222 Fax

_____, 2009

Cambridge Management Group, LLC
125 State Street, Suite 1001
Hackensack, New Jersey 07601

Re:   Civil Action No. H-05-4081; In the United States District Court - Southern
District of Texas, Houston Division styled *Right of Way Maintenance Company,
Inc. dba ROWMEC*, as Plaintiff v. *Gyro-Trac, Inc. and Gyro-Trac (USA), Inc., et
al*, as Defendant, dated June 12, 2007

Gentlemen:

The purpose of this letter is to supplement our agreement and understanding with regard
to the transfer by Cambridge Management Group, LLC of all of its interest in the following:

We have this day entered into a Letter Agreement, a copy of which is attached as
Exhibit "A"(the "Agreement") and incorporated herein for all purposes wherein we have
agreed to the payment of $350,000.00 as the initial consideration for the Assignment of
Contracts. The purpose of this letter is to further document and supplement our agreement and
understanding with regard to this Assignment of Contracts. Defined terms contained in the
Agreement have the same meaning when used herein.

As further consideration to CMG, any recovery by Bandas on the Judgment against
Gyro-Trac, Inc. or Gyro-Trac (USA), Inc. in the above-referenced Cause of Action shall be paid
and applied as follows:

1.      First, all expenses that have been paid or are incurred in the collection
process for the Judgment will be paid;

2.      Second, Bandas and CMG will split any recovery, after expenses have
been paid, on a 50/50 basis until CMG has received the sum of $100,000.00; and

3.      All remaining recoveries under the terms of the Cause of Action and
Judgment and related collateral will be the property of Bandas.

05905.1 / 1169241.1

Cambridge Management Group, LLC
Page 2
_____, 2009

      If the terms of this letter correctly reflect our understanding please so indicate by signing in the space provided below.

                                **BANDAS LAW FIRM, P.C.,**
                                a Texas professional corporation


                                By:_____
                                    Christopher A. Bandas
                                  President

                                Date:_____


**ACCEPTED AND AGREED TO THIS**
**___ DAY OF _____, 2009**

**CAMBRIDGE MANAGEMENT GROUP, LLC,**
a Delaware limited liability company

By:_____
Name:_____
Title:_____

Date:_____

Exhibit "A"

A-1

# BANDAS LAW FIRM, P. C.
### Attorneys at Law

CHRISTOPHER A. BANDAS

500 N. Shoreline Blvd., Suite 1020
Corpus Christi, Texas 78471
(361) 698.5200 Office
(361) 698-5222 Fax


_____, 2009


Cambridge Management Group, LLC
125 State Street, Suite 1001
Hackensack, New Jersey 07601

Re:    Civil Action No. H-05-4081; In the United States District Court - Southern
District of Texas, Houston Division styled *Right of Way Maintenance Company,
Inc. dba ROWMEC*, as Plaintiff *v. Gyro-Trac, Inc. and Gyro-Trac (USA), Inc., et
al*, as Defendant, dated June 12, 2007

Gentlemen:

The purpose of this letter is to document our agreement and understanding with regard to
the transfer by Cambridge Management Group, LLC of all of its interest in the following:

1.      That certain Agreement Assigning Interest in Settlement, Security
Agreement with Limited Irrevocable Power of Attorney (the "**Assignment of
Contracts**") dated September 28, 2007 by and between Cambridge Management Group,
LLC ("**CMG**") and Right of Way Maintenance Equipment Company, Inc.
("**ROWMEC**") and the Bandas Law Firm, P.C. ("**Bandas**").

2.      All rights in and to the final judgment (the "**Judgment**") rendered in Civil
Action No. H-05-4081; United States District Court Southern District of Texas (the
"**Court**") styled *Right of Way Maintenance Company D/B/A ROWMEC as Plaintiff and
Gyro-Trac, Inc. and Gyro-Trac (U.S.A.), Inc. as Defendants* dated June 12, 2007 (the
"**Cause of Action**").

3.      All rights in and to that Limited Irrevocable Power of Attorney dated
September 28, 2007 by and between Right of Way Maintenance Equipment Company,
Inc., as Grantor and Cambridge Management Group, LLC.

4.      That certain Deed of Trust executed October 19, 2007, among Right of
Way Maintenance Equipment Company, Inc., as Grantor, Cambridge Management
Group, LLC, as Beneficiary and Michael R. Perle, as Trustee, filed for record on
January 16, 2009 under County Clerk's File No. 2009-004080, et seq. in the Official
Public Records of Real Property of Montgomery County, Texas.

05905.1 / 1169046.2

Cambridge Management Group, LLC
Page 2
_____, 2009

     5.     All rights in and to that certain Notice of Assignment, Irrevocable Direction of Payment and Authorization executed by Right of Way Maintenance Equipment Company, Inc. dated September 28, 2007 to the Bandas Law Firm, P.C.

     6.     All rights in and to that certain UCC-1 by and between Right of Way Maintenance Equipment, Inc., as Debtor, and Cambridge Management Group, LLC, as Secured Party, recorded in the office of the Secretary of State of Texas on November 6, 2007 under File No. 07-0037923849 and in the Official Public Records of Real Property of Montgomery County, Texas under File No. 2007-128225.

     The parties intend to execute the Assignment of Contracts whereby CMG's rights under all of the above-referenced agreements will be transferred. In consideration for this assignment, as well as the other transfers by CMG of all rights in and to the Judgment and related security, CMG will file a motion to release the sum of $323,000.00, currently on deposit with the Registry of the Court on the above-referenced Cause of Action, for the account of CMG and Bandas will not object to these funds being released. CMG may represent to the court that the motion is unopposed by Bandas and that the funds should be paid to CMG.

     Concurrently, upon execution of the order by the Court releasing the $323,000.00 to CMG, as provided above, Bandas will pay the sum of $27,000.00 by way of a check, on its own bank account, to CMG. Such check to be delivered concurrently with the execution of the order by the Court releasing the $323,000.00. So, the consideration will be $350,000.00.

     If the terms of this letter correctly reflect our understanding please so indicate by signing in the space provided below.

                      **BANDAS LAW FIRM, P.C.,**
                      a Texas professional corporation

                      By:_____
                         Christopher A. Bandas
                         President

                      Date:_____

Cambridge Management Group, LLC
Page 3
_____, 2009

**ACCEPTED AND AGREED TO THIS**
___ **DAY OF** _____, 2009

**CAMBRIDGE MANAGEMENT GROUP, LLC,**
a Delaware limited liability company

By: _____
Name: _____
Title: _____

Date: _____

05905.1 / 1169046.2

### ASSIGNMENT OF CONTRACT RIGHTS

THE STATE OF TEXAS     §
                       §

COUNTY OF HARRIS     §

       THIS ASSIGNMENT (the "Assignment of Contracts"), made this _____ day of _____, 2009, by CAMBRIDGE MANAGEMENT GROUP, LLC, a Delaware limited liability company, having its principal office located at ~~125 State Street, Suite 100, Hackensack, New Jersey 07601~~ (the "Assignor"), to the BANDAS LAW FIRM, P.C., a Texas professional corporation having its principal office located at 500 N. Shoreline Blvd., Suite 1020, Corpus Christi, Texas 78471 (the "Assignee"):

*[handwritten: — 266 Harrison Ave, Suite 3W, Glen Rock, NJ 07452]*

       R E C I T A L S:

    I.     That the Assignor, for good and valuable consideration, the receipt whereof is hereby acknowledged, hereby GRANTS, TRANSFERS and ASSIGNS to the Assignee the entire interest of the Assignor in and to:

       (a)     That certain Agreement Assigning Interest in Settlement, Security Agreement with Limited Irrevocable Power of Attorney dated September 28, 2007 by and among Assignor, Right of Way Maintenance Equipment Company, Inc. ("ROWMEC") and the Assignee, a true and correct copy of which is attached hereto as Exhibit "A"; and

       (b)     All rights in and to the final judgment rendered in Civil Action No. H-05-4081; United States District Court Southern District of Texas styled *Right of Way Maintenance Company D/B/A ROWMEC as Plaintiff and Gyro-Trac, Inc. and Gyro-Trac (U.S.A.), Inc. as Defendants* dated June 12, 2007, a true and correct copy of which is attached hereto as Exhibit "B".

       (c)     All rights in and to that Limited Irrevocable Power of Attorney dated September 28, 2007 by and between ROWMEC, as Grantor and the Assignor, a true and correct copy of which is attached hereto as Exhibit "C".

       (d)     That certain Deed of Trust executed October 19, 2007, executed by ROWMEC to Michael R. Perle, Trustee, for the benefit of Assignor, filed for record on January 16, 2009 under County Clerk's File No. 2009-004080, *et seq.* in the Official Public Records of Real Property of Montgomery County, Texas, a true and correct copy of which is attached hereto as Exhibit "D".

       (e)     All rights in and to that certain Notice of Assignment, Irrevocable Direction of Payment and Authorization executed by ROWMEC dated September 28, 2007 to the Bandas Law Firm, P.C., a true and correct copy of which is attached hereto as Exhibit "E".

       (f)     All rights in and to that certain UCC-1 naming ROWMEC, as Debtor, and the Assignor, as Secured Party, recorded in the office of the Secretary of State of Texas on November 6, 2007 under File No. 07-0037923849 and in the Official Public Records of Real Property of Montgomery County, Texas under File No. 2007-128225, a true and correct copy of which is attached hereto as Exhibit "F".

The items referred to in Paragraph 1.(a) through (f) above are sometimes collectively referred to as the "Contracts", and the rights described in Paragraph 1.(a) through (f). above are sometimes collectively referred to as the "Contract Rights".

2.      The Assignor warrants to the Assignee that the Assignor is the sole owner of the Contract Rights and that the agreements and other documents attached as Exhibits "A" through "F" hereto have not been altered, modified or amended in any manner whatsoever, save as herein set forth.

3.      The parties do hereby further agree as follows:

(a)      All revenues, moneys, proceeds, benefits and payments due and to become due Assignor, and accruing and to accrue unto Assignor under and by virtue of the Contract Rights shall be paid to Assignee at its office in Corpus Christi, Nueces County, Texas listed above.

(b)      Any third parties who owe revenues, moneys, proceeds, benefits and payments to Assignor under and by virtue of the Contract Rights are specifically authorized, requested and directed to pay directly to Assignee, at its address in Corpus Christi, Nueces County, Texas, all revenues, moneys, proceeds, benefits, payments and sums accruing and to accrue unto Assignor and in favor of Assignor under and by virtue of the Contract Rights, without being under any duty or obligation to inquire into the right of Assignee to receive the same, what application is made thereof, or as to any other matter.

(c)      Assignee shall have the right to receipt for all sums and amounts so paid to it, and any and all receipts given by Assignee for payments received by it shall be a full and complete discharge-to the third parties or the persons, firms or companies making such payment, the same as though said amounts and sums were and had been paid directly to Assignor; and all such receipts or receipt by Assignee, shall be and operate as a full and complete discharge (to the extent of such payment) to the third parties or any other person, firm or company making such payment or payments, with respect to all such sums so received by Assignee.

(d)      Failure of Assignee to collect or receive any sums of money which it might be entitled to hereunder, or failure to take any action to collect any sums shall not in anywise prejudice, release or relinquish any of the rights of Assignee hereunder.

(e)      Assignor represents to Assignee that, to Assignor's knowledge, except for claims made in *Bandas Law Firm P.C. and Moulton & Meyer, L.L.P. v. Right of Way Maintenance Equipment Company d/b/a ROWMEC*, Cause No. 2009-01433, pending in the District Court of Harris County, Texas, 133rd Judicial District or in *Right of Way Maintenance Company d/b/a ROWMEC v. Bandas Law Firm, P.C., Christopher A. Bandas, Moulton and Meyer, L.L.P., Jeffrey D. Meyer, Shackelford Law Firm and Patricia A. Shackelford*, Cause No. 09-01-00244 CV, pending in the District Court of Montgomery County, Texas, 9th Judicial District, including claims of breach of contract by ROWMEC and claims for attorney fees and claims for expenses incurred and related costs, the Contracts are in full force and effect and there has been no default in the performance thereof in any respect. Assignor further covenants with Assignee that Assignor will prepare, execute and forward all such documents and other instruments as may be required in order to have payments owing to Assignor under said Contracts paid directly to Assignee, and will execute and deliver all such other assignments and instruments as might be required or necessary to vest title to all revenues, monies, proceeds, benefits, payments, rights, titles and interests covered by this instrument, in Assignee, and so that the same will be paid directly to Assignee.

(f)     Assignor represents to Assignee that Assignor's interest in and to the Contract Rights are unencumbered and unassigned to any parties or entities whatsoever except to Assignee as herein provided, and no liens or claims exist against the Contract Rights.

(g)     This is an absolute and unconditional assignment of the Contract Rights without any further contingencies.

(h)     Assignor hereby covenants and agrees to execute any and all other documents, instruments and agreements as may be necessary to effectuate the agreements provided herein including any documents for transfer of judgment liens, any UCC 3s for assignments of security interests, and any transfer of deed of trust liens. All costs of the foregoing shall be borne by the Assignee.

4.     This Assignment, together with the covenants and warranties herein contained, shall inure to the benefit of the Assignee, and shall be binding upon the Assignor, its successors and assigns.

5.     The Assignor makes no representation or warranty of any kind as to the value of the Contract Rights, the enforceability of the Contract Rights, the collectability of the Contract Rights or the assignment of the Assignor's rights under the Limited Irrevocable Power of Attorney attached as Exhibit "C" hereto. It is the intention of the parties that notwithstanding Assignor's lack of representations and warranties as to value and enforceability of the Contracts and Contract Rights, the maximum amount of the Assignee's exposure as a result of entering into this transaction with the Assignor shall be the consideration which the Assignee has paid to the Assignor hereunder, under no circumstances shall the Assignee be liable under the Contracts or as a result of the Contract Rights for any amount other than loss of the consideration which it paid to the Assignor. The purpose of the indemnity contained in paragraph 6 below is to protect the Assignee from this possible exposure.

6.     Notwithstanding any other provision of this Assignment of Contract Rights to the contrary, Assignor shall be solely responsible for and shall indemnify Assignee from any and all liabilities, costs, claims (INCLUDING STRICT LIABILITY, NEGLIGENCE AND FOR LIABILITY IMPOSED BY STATUTES, RULES, COMMON LAW AND REGULATIONS), suits, fines, usury claims, penalties of any nature and/or damages arising directly or indirectly out of or in connection with the Contracts and the Contract Rights.

7.     Assignee shall be solely responsible for and shall indemnify Assignor from any and all liabilities, costs, claims (INCLUDING STRICT LIABILITY, NEGLIGENCE AND FOR LIABILITY IMPOSED BY STATUTES, RULES, COMMON LAW AND REGULATIONS), and/or damages arising directly or indirectly out of or in connection with actions taken by Assignee under the Contracts as opposed to matters relating to the Contracts or the Contract Rights themselves. It is the intention of the parties that the parties that the Assignor will stand behind the enforceability and binding nature of the Contracts and the Contract Rights.

EXECUTED as of the date first above written.

ASSIGNOR:

CAMBRIDGE MANAGEMENT GROUP, LLC,
a Delaware limited liability company

By: _____

Name: James N Gundecio
Title: Pns

4

ASSIGNEE:

BANDAS LAW FIRM, P.C.
a Texas professional corporation

By: _____
      Christopher A. Bandas
      President


THE STATE OF NEW JERSEY     §
                            §
COUNTY   OF   BERGEN        §

This instrument was acknowledged before me on this the _9th_ day of _June_ , 2009, by _James Giordano_ , _President_ of CAMBRIDGE MANAGEMENT GROUP, LLC, a Delaware limited liability company, on behalf of said company.

Attorney    ~~Notary Public in and for~~    Rosanne Palumbo
            The State of New Jersey


THE STATE OF TEXAS          §
                            §
COUNTY   OF   HARRIS        §

This instrument was acknowledged before me on this the _____ day of _____ , 2009, by Christopher A. Bandas, President of _____ , _____ of the BANDAS LAW FIRM, P.C., a Texas professional corporation, on behalf of said professional corporation.

_____
Notary Public in and for
The State of Texas


HOUSTON 1030493v.2

05805.1 / 1168953.9

5

EXHIBIT "A"

Agreement Assigning Interest in Settlement,
Security Agreement with Limited Irrevocable Power of Attorney

EXHIBIT "B"

Final Judgment

## UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

A. NAME & PHONE OF CONTACT AT FILER [optional]
713-654-1111

B. SEND ACKNOWLEDGMENT TO: (Name and Address)

Mark A. Padon
Hays, McConn, Rice & Pickering, PC
1233 West Loop South, Suite 1000
Houston, Texas 77027

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

| 1a. INITIAL FINANCING STATEMENT FILE # | 1b. ☑ This FINANCING STATEMENT AMENDMENT is to be filed (for record) (or recorded) in the REAL ESTATE RECORDS. |
|---|---|
| 2007-128225 | |

2. ☐ TERMINATION: Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

3. ☐ CONTINUATION: Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

4. ☑ ASSIGNMENT (full or partial): Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 9.

5. AMENDMENT (PARTY INFORMATION): This Amendment affects ☐ Debtor  or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.    ☐ DELETE name: Give record name to be deleted in item 6a or 6b.    ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

6. CURRENT RECORD INFORMATION:

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Cambridge Management Group, LLC | FIRST NAME | MIDDLE NAME | SUFFIX |
| 6b. INDIVIDUAL'S LAST NAME | | | |

7. CHANGED (NEW) OR ADDED INFORMATION:

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Bandas Law Firm, P C | | | |
| 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 500 N. Shoreline Blvd., Suite 1020 | Corpus Christi | Tx | 78471 | USA |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION professional corp | 7f. JURISDICTION OF ORGANIZATION Texas | 7g. ORGANIZATIONAL ID #, if any 800536407 | ☐ NONE |
|---|---|---|---|---|---|

8. AMENDMENT (COLLATERAL CHANGE): check only one box.
Describe collateral ☐ deleted  or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Cambridge Management Group, LLC | FIRST NAME | MIDDLE NAME | SUFFIX |
| 9b. INDIVIDUAL'S LAST NAME | | | |

10. OPTIONAL FILER REFERENCE DATA
5905.1 -Montgomery County Texas

International Association of Commercial Administrators (IACA)

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

## Instructions for UCC Financing Statement Amendment (Form UCC3)

Please type or laser-print this form. Be sure it is completely legible. Read all instructions, especially instruction 1a; correct file number of initial financing statement is crucial. Follow instructions completely.
Fill in form very carefully; mistakes may have important legal consequences. If you have questions, consult your attorney. Filing office cannot give legal advice.
Do not insert anything in the open space in the upper portion of this form; it is reserved for filing office use.
An Amendment may relate to only one financing statement. Do not enter more than one file number in item 1a.
When properly completed, send Filing Office Copy, with required fee, to filing office. If you want an acknowledgment, complete item B, and, if filing in a filing office that returns an acknowledgment copy furnished by filer, you may also send Acknowledgment Copy, otherwise detach. Always detach Debtor and Secured Party Copies.
If you need to use attachments, you are encouraged to use either Amendment Addendum (Form UCC3Ad) or Amendment Additional Party (Form UCC3AP).
Always complete items 1 and 9.
A. To assist filing offices that might wish to communicate with filer, filer may provide information in item A. This item is optional.
B. Complete item B if you want an acknowledgment copy returned to you. If filing in a filing office that returns an acknowledgment copy furnished by filer, present simultaneously with this form a carbon or other copy of this form for use as an acknowledgment copy.

1a. **File number:** Enter file number of initial financing statement to which this Amendment relates. Enter only one file number. In some states, the file number is not unique; in those states, also enter in item 1a, after the file number, the date that the initial financing statement was filed.

1b. Only if this Amendment is to be filed or recorded in the real estate records, check box 1b and also, in item 13 of Amendment Addendum, enter Debtor's name, in proper format exactly identical to the format of item 1 of financing statement, and name of record owner if Debtor does not have a record interest.

*Note:* Show purpose of this Amendment by checking box 2, 3, 4, 5 (in item 5 you must check two boxes) or 8; also complete items 6, 7 and/or 8 as appropriate. Filer may use this Amendment form to simultaneously accomplish both data changes (items 4, 5, and/or 8) and a Continuation (item 3), although in some states filer may have to pay a separate fee for each purpose.

2. To terminate the effectiveness of the identified financing statement with respect to security interest(s) of authorizing Secured Party, check box 2. See instruction 9 below.

3. To continue the effectiveness of the identified financing statement with respect to security interest(s) of authorizing Secured Party, check box 3. See instruction 9 below.

4. To assign (i) all of assignor's interest under the identified financing statement, or (ii) a partial interest in the security interest covered by the identified financing statement, or (iii) assignor's full interest in some (but not all) of the collateral covered by the identified financing statement: Check box in item 4 and enter name of assignee in item 7a if assignee is an organization, or, in item 7b, formatted as indicated, if assignee is an individual. Complete 7a or 7b, but not both. Also enter assignee's address in item 7c. Also enter name of assignor in item 9. If partial Assignment affects only some (but not all) of the collateral covered by the identified financing statement, filer may check appropriate box in item 8 and indicate affected collateral in item 8.

5,6,7. To change the name of a party: Check box in item 5 to indicate whether this Amendment amends information relating to a Debtor or a Secured Party; also check box in item 5 to indicate that this is a name change; also enter name of affected party (current record name) in item 6a or 6b as appropriate; and enter new name (7a or 7b). If the new name refers to a Debtor complete (7c); also complete 7e-7g if 7a was completed.

5,6,7. To change the address of a party: Check box in item 5 to indicate whether this Amendment amends information relating to a Debtor or a Secured Party; also check box in item 5 to indicate that this is an address change; also enter name of affected party (current record name) in item 6a or 6b as appropriate; and enter new address (7c) in item 7.

5,6,7. To change the name and address of a party: Check box in item 5 to indicate whether this Amendment amends information relating to a Debtor or a Secured Party; also check box in item 5 to indicate that this is a name/address change; also enter name of affected party (current record name) in items 6a or 6b as appropriate; and enter the new name (7a or 7b). If the new name refers to a Debtor complete item 7c; also complete 7e-7g if 7a was completed.

5,6. To delete a party: Check box in item 5 to indicate whether deleting a Debtor or a Secured Party; also check box in item 5 to indicate that this is a deletion of a party; and also enter name (6a or 6b) of deleted party in item 6.

5,7. To add a party: Check box in item 5 to indicate whether adding a Debtor or Secured Party; also check box in item 5 to indicate that this is an addition of a party and enter the new name (7a or 7b). If the new name refers to a Debtor complete item 7c; also complete 7e-7g if 7a was completed. To include further additional Debtors or Secured Parties, attach Amendment Additional Party (Form UCC3AP), using correct name format.

*Note:* The preferred method for filing against a new Debtor (an individual or organization not previously of record as a Debtor under this file number) is to file a new Financing Statement (UCC1) and not an Amendment (UCC3).

7d. Reserved for Financing Statement Amendments to be filed in North Dakota or South Dakota only. If this Financing Statement Amendment is to be filed in North Dakota or South Dakota, the Debtor's taxpayer identification number (tax ID#) — social security number or employer identification number must be placed in this box.

8. Collateral change. To change the collateral covered by the identified financing statement, describe the change in item 8. This may be accomplished either by describing the collateral to be added or deleted, or by setting forth in full the collateral description as it is to be effective after the filing of this Amendment, indicating clearly the method chosen (check the appropriate box). If the space in item 8 is insufficient, use item 13 of Amendment Addendum (Form UCC3Ad). A partial release of collateral is a deletion. If, due to a full release of all collateral, filer no longer claims a security interest under the identified financing statement, check box 2 (Termination) and not box 8 (Collateral Change). If a partial assignment consists of the assignment of some (but not all) of the collateral covered by the identified financing statement, filer may indicate the assigned collateral in item 8, check the appropriate box in item 8, and also comply with instruction 4 above.

9. Always enter name of party of record authorizing this Amendment; in most cases, this will be a Secured Party of record. If more than one are authorizing this Amendment, give additional name(s), properly formatted, in item 13 of Amendment Addendum (Form UCC3Ad). If the indicated financing statement refers to the parties as lessee and lessor, or consignee and consignor, or seller and buyer, instead of Debtor and Secured Party, references in this Amendment shall be deemed likewise so to refer to the parties. If this is an assignment, enter assignor's name. If this is an Amendment authorized by a Debtor that adds collateral or adds a Debtor, or if this is a Termination authorized by a Debtor, check the box in item 9 and enter the name, properly formatted, of the Debtor authorizing this Amendment, and, if this Amendment or Termination is to be filed or recorded in the real estate records, also enter, in item 13 of Amendment Addendum, name of Secured Party of record.

10. This item is optional and is for filer's use only. For filer's convenience of reference, filer may enter in item 10 any identifying information (e.g., Secured Party's loan number, law firm file number, Debtor's name or other identification, state in which form is being filed, etc.) that filer may find useful.

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS (front and back) CAREFULLY

**A. NAME & PHONE OF CONTACT AT FILER [optional]**
713-654-1111

**B. SEND ACKNOWLEDGMENT TO: (Name and Address)**

Mark A. Padon
Hays, McConn, Rice & Pickering, PC
1233 West Loop South, Suite 1000
Houston, Texas 77027

THE ABOVE SPACE IS FOR FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE #**
07-0037923849

**1b.** ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS.

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to security interest(s) of the Secured Party authorizing this Termination Statement.

**3.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to security interest(s) of the Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law.

**4.** ☑ **ASSIGNMENT (full or partial):** Give name of assignee in item 7a or 7b and address of assignee in item 7c; and also give name of assignor in item 8.

**5. AMENDMENT (PARTY INFORMATION):** This Amendment affects ☐ Debtor or ☐ Secured Party of record. Check only one of these two boxes.
Also check one of the following three boxes and provide appropriate information in items 6 and/or 7.
☐ CHANGE name and/or address: Please refer to the detailed instructions in regards to changing the name/address of a party.   ☐ DELETE name: Give record name to be deleted in item 6a or 6b.   ☐ ADD name: Complete item 7a or 7b, and also item 7c; also complete items 7e-7g (if applicable).

**6. CURRENT RECORD INFORMATION:**

| 6a. ORGANIZATION'S NAME |
|---|
| Cambridge Management Group, LLC |

| OR 6b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

**7. CHANGED (NEW) OR ADDED INFORMATION:**

| 7a. ORGANIZATION'S NAME |
|---|
| Bandas Law Firm, P C |

| OR 7b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 500 N. Shoreline Blvd., Suite 1020 | Corpus Christi | Tx | 78471 | USA |

| 7d. SEE INSTRUCTIONS | ADD'L INFO RE ORGANIZATION DEBTOR | 7e. TYPE OF ORGANIZATION professional corp | 7f. JURISDICTION OF ORGANIZATION Texas | 7g. ORGANIZATIONAL ID #, if any 800536407 | ☐ NONE |
|---|---|---|---|---|---|

**8. AMENDMENT (COLLATERAL CHANGE):** check only one box.
Describe collateral ☐ deleted or ☐ added, or give entire ☐ restated collateral description, or describe collateral ☐ assigned.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT** (name of assignor, if this is an Assignment). If this is an Amendment authorized by a Debtor which adds collateral or adds the authorizing Debtor, or if this is a Termination authorized by a Debtor, check here ☐ and enter name of DEBTOR authorizing this Amendment.

| 9a. ORGANIZATION'S NAME |
|---|
| Cambridge Management Group, LLC |

| OR 9b. INDIVIDUAL'S LAST NAME | FIRST NAME | MIDDLE NAME | SUFFIX |
|---|---|---|---|
| | | | |

**10. OPTIONAL FILER REFERENCE DATA**
5905.1 - Texas Secretary of State

International Association of Commercial Administrators (IACA)

FILING OFFICE COPY — UCC FINANCING STATEMENT AMENDMENT (FORM UCC3) (REV. 05/22/02)

## Instructions for UCC Financing Statement Amendment (Form UCC3)

Please type or laser-print this form. Be sure it is completely legible. Read all instructions, especially Instruction 1a; correct file number of initial financing statement is crucial. Follow instructions completely.

Fill in form very carefully; mistakes may have important legal consequences. If you have questions, consult your attorney. Filing office cannot give legal advice.

Do not insert anything in the open space in the upper portion of this form; it is reserved for filing office use.

An Amendment may relate to only one financing statement. Do not enter more than one file number in item 1a.

When properly completed, send Filing Office Copy, with required fee, to filing office. If you want an acknowledgment, complete item B and, if filing in a filing office that returns an acknowledgment copy furnished by filer, you may also send Acknowledgment Copy, otherwise detach. Always detach Debtor and Secured Party Copies.

If you need to use attachments, you are encouraged to use either Amendment Addendum (Form UCC3Ad) or Amendment Additional Party (Form UCC3AP).

Always complete items 1a and 9.

A. To assist filing offices that might wish to communicate with filer, filer may provide information in item A. This item is optional.

B. Complete item B if you want an acknowledgment sent to you. If filing in a filing office that returns an acknowledgment copy furnished by filer, present simultaneously with this form a carbon or other copy of this form for use as an acknowledgment copy.

1a. **File number:** Enter file number of initial financing statement to which this Amendment relates. Enter only one file number. In some states, the file number is not unique; in those states, also enter in item 1a, after the file number, the date that the initial financing statement was filed.

1b. Only if this Amendment is to be filed or recorded in the real estate records, check box 1b and also, in item 13 of Amendment Addendum, enter Debtor's name, in proper format exactly identical to the format of item 1 of financing statement, and name of record owner if Debtor does not have a record interest.

*Note:* Show purpose of this Amendment by checking box 2, 3, 4, 5 (in item 5 you must check two boxes) or 8; also complete items 6, 7 and/or 8 as appropriate. Filer may use this Amendment form to simultaneously accomplish both data changes (items 4, 5, and/or 8) and a Continuation (item 3), although in some states filer may have to pay a separate fee for each purpose.

2. To **terminate** the effectiveness of the identified financing statement with respect to security interest(s) of authorizing Secured Party, check box 2. See Instruction 9 below.

3. To **continue** the effectiveness of the identified financing statement with respect to security interest(s) of authorizing Secured Party, check box 3. See Instruction 9 below.

4. To **assign** (i) all of assignor's interest under the identified financing statement, or (ii) a partial interest in the security interest covered by the identified financing statement, or (iii) assignor's full interest in some (but not all) of the collateral covered by the identified financing statement: Check box in item 4 and enter name of assignee in item 7a if assignee is an organization, or in item 7b, enter name of assignee as indicated, if assignee is an individual. Complete 7a or 7b, but not both. Also enter assignee's address in item 7c. Enter name of assignor in item 9. If partial Assignment affects only some (but not all) of the collateral covered by the identified financing statement, filer may check appropriate box in item 8 and indicate affected collateral in item 8.

5,6,7. To **change the name** of a party: Check box in item 5 to indicate whether this Amendment amends information relating to a Debtor or a Secured Party; also check box in item 5 to indicate that this is a name change; also enter name of affected party (current record name) in item 6a or 6b as appropriate; and enter new name (7a or 7b). If the new name refers to a Debtor complete 7c; also complete 7e-7g if 7a was completed.

5,6,7. To **change the address** of a party: Check box in item 5 to indicate whether this Amendment amends information relating to a Debtor or a Secured Party; also check box in item 5 to indicate that this is an address change; also enter name of affected party (current record name) in item 6a or 6b as appropriate; and enter new address (7c) in item 7.

5,6,7. To **change the name and address** of a party: Check box in item 5 to indicate whether the Amendment amends information relating to a Debtor or a Secured Party; also check box in item 5 to indicate that this is a name/address change; also enter name of affected party (current record name) in items 6a or 6b as appropriate; and enter the new name (7a or 7b). If the new name refers to a Debtor complete 7c; also complete 7e-7g if 7a was completed.

5,6. To **delete** a party: Check box in item 5 to indicate whether deleting a Debtor or a Secured Party; also check box in item 5 to indicate that this is a deletion of a party; and also enter name (6a or 6b) of deleted party in item 6.

5,7. To **add** a party: Check box in item 5 to indicate whether adding a Debtor or Secured Party; also check box in item 5 to indicate that this is an addition of a party and enter the new name (7a or 7b). If the new name refers to a Debtor complete item 7c; also complete 7e-7g if 7a was completed. To include further additional Debtors or Secured Parties, attach Amendment Additional Party (Form UCC3AP), using correct name format.

*Note:* The preferred method for filing against a new Debtor (an individual or organization not previously of record as a Debtor under this file number) is to file a new Financing Statement (UCC1) and not an Amendment (UCC3).

7d. Reserved for Financing Statement Amendments to be filed in North Dakota or South Dakota only. If this Financing Statement Amendment is to be filed in North Dakota or South Dakota, the Debtor's taxpayer identification number (tax ID#) — social security number or employer identification number must be placed in this box.

8. **Collateral change.** To change the collateral covered by the identified financing statement, describe the change in item 8. This may be accomplished either by describing the collateral to be added or deleted, or by setting forth in full the collateral description as it is to be effective after the filing of this Amendment, indicating clearly the method chosen (check the appropriate box). If the space in item 8 is insufficient, use item 13 of Amendment Addendum (Form UCC3Ad). A partial release of collateral is a deletion. If, due to a full release of all collateral, filer no longer claims a security interest under the identified financing statement, check box 2 (Termination) and not box 8 (Collateral Change). If a partial assignment consists of the assignment of some (but not all) of the collateral covered by the identified financing statement, filer may indicate the assigned collateral in item 8, check the appropriate box in item 8, and also comply with Instruction 4 above.

9. Always enter name of party of record authorizing this Amendment; in most cases, this will be a Secured Party of record. If more than one authorizing Secured Party, give additional name(s), properly formatted, in item 13 of Amendment Addendum (Form UCC3Ad). If the indicated financing statement refers to the parties as lessee and lessor, or consignee and consignor, or seller and buyer, instead of Debtor and Secured Party, references in this Amendment shall be deemed likewise so to refer to the parties. If this is an assignment, enter assignor's name. If this is an Amendment authorized by a Debtor that adds collateral or adds a Debtor, or if this is a Termination authorized by a Debtor, check the box in item 9 and enter the name, properly formatted, of the Debtor authorizing this Amendment, and, if this Amendment or Termination is to be filed or recorded in the real estate records, also enter, in item 13 of Amendment Addendum, name of Secured Party of record.

10. This item is optional and is for filer's use only. For filer's convenience of reference, filer may enter in item 10 any identifying information (e.g., Secured Party's loan number, law firm file number, Debtor's name or other identification, state in which form is being filed, etc.) that filer may find useful.

## LIMITED IRREVOCABLE POWER OF ATTORNEY

CAMBRIDGE MANAGEMENT GROUP, LLC ("Grantor") does hereby constitute and appoint the BANDAS LAW FIRM, P.C., 500 N. Shoreline Blvd., Suite 1020, Corpus Christi, Texas 78471 ("Bandas"), as its true and lawful attorney, and in its name, place and stead, for the following purposes:

      a.     To receive and endorse any and all checks or drafts payable to Grantor representing a settlement or other form of a recovery on behalf of Grantor with respect to certain pending litigation entitled *Right of Way Maintenance Company, Inc. v. Gyro-Trac, Inc. and Gyro-Trac USA Inc., et al.*; Index No. 05-4081, which is the same matter in which Right of Way Maintenance Company, In. ("ROWMEC") has assigned a portion of its right, title and interest to Grantor under that certain Agreement Assigning Interest in Settlement, Security with Limited Irrevocable Power of Attorney (the "Assignment and Security Agreement"), dated September 28, 2007 pursuant to an Assignment and Transfer or rights (the "Assignment"); and

      b.     to prosecute and sue for, by proceeds or otherwise, in a court of law or equity, to give acquittance for said money or monies due or to become due, or any part thereof, and to withdraw any claims, suits or proceedings pertaining to, or out of the Assignment, or assignments or other instruments or agreements provided for thereunder.

Grantor has transferred all of its rights under the Assignment, as well as the Assignment and Security Agreement, to Bandas.

Grantor does hereby agree to promptly endorse any and all checks or drafts representing a settlement or other form of recovery payable to it or to Right of Way Maintenance Company, Inc. to Bandas, without recourse, and to promptly deliver the same to Bandas.

In the event of Grantor's unavailability or failure, on request, to execute same within five (5) business days of receipt, Grantor hereby authorizes Bandas, as necessary, to execute, on its behalf, any documents, financing statements, UCC or other forms, or instruments, including any amendment thereof, or consents to orders, as counsel for Bandas may reasonably require for the purpose of effectuating the sales and/or assignments contemplated hereunder and the continuation or perfection of any security interest identified or provided for herein or therein, including any instrument related to effectuating any assignment contemplated by the preceding paragraph.

Grantor, Cambridge Management Group, LLC, understands that by virtue of making this Power of Attorney, it no longer has the right or authority to take the acts reflected herein, except as otherwise authorized by Bandas and except for transfers from ROWMEC to Bandas. This instrument may not be revoked or changed except upon written agreement of Bandas.

05905.1 / 1166882.4

IN WITNESS WHEREOF, I have hereunto set my hand ~~and seal~~ this 9th day of
_June_, 2009.

CAMBRIDGE MANAGEMENT GROUP, LLC
a Delaware limited liability company

By: _____

Name: _James N. Giordano_

Title: _Pres_

THE STATE OF NEW JERSEY §
                        §
COUNTY   OF   BERGEN    §

This instrument was acknowledged before me on this the 9th day of
_June_, 2009, by _James Giordano_ _President_ of
CAMBRIDGE MANAGEMENT GROUP, LLC, a Delaware limited liability company, on
behalf of said company.

Attorney
at Law   ~~Notary Public~~ in and for   N Rosanne Palumbo
         The State of New Jersey

2

05905.1 / 1166882.4

## JOINT UNANIMOUS WRITTEN CONSENT
## RESOLUTION OF THE MEMBERS
## OF CAMBRIDGE MANAGEMENT GROUP, LLC

The undersigned, being all of the current Members of **CAMBRIDGE MANAGEMENT GROUP, LLC, a member managed/manager managed?** Delaware limited liability company (the "**Company**"), pursuant to the authority of the Delaware Business Corporation Act, hereby consent and subscribe in writing, without a meeting, to the following actions:

**RESOLVED,** that the undersigned Members of the Company deem it advisable and in the Company's best interest to sell the Acquired Assets (as defined in the agreement dated October 19, 2007, entitled Agreement Assigning Interest in Settlement, Security Agreement with Limited Irrevocable Power of Attorney, dated October 19, 2007 ("Assignment and Security Agreement") by _____ of the Company, on behalf of the Company, and further approve in all material respects the assignment of the interest of the Company in the proceeds of a recovery on behalf of Right of Way Maintenance Company, Inc. ("**ROWMEC**") in the action entitled *Right of Way Maintenance Company, Inc. and Gyro-Trac USA, Inc., et al.;* Index No. 05-4081 (U.S.D. Ct. S.D. Texas) (the "Litigation"), and the transfer of the Security Instruments, as defined therein, including a Deed of Trust upon certain property of ROWMEC located in Montgomery County, Texas, and security agreements relating to ROWMEC's Inventory and Equipment, Power of Attorney, and all other related and necessary instruments contemplated as being executed and delivered as defined in the Assignment and Security Agreement, all of which are referred to as the Transaction Documents.

**FURTHER RESOLVED,** that the undersigned Members of the Company deem it advisable and in the Company's best interest to enter into the transfer and assignment to Bandas Law Firm, P.C. of all of its rights under the Transaction Documents to Bandas Law Firm, P.C., and do hereby authorize, empower and direct _____ of the Company, on behalf of the Company to execute and deliver the transfer and assignment and all other agreements, instruments and other documents as may be required to effectuate the transactions therein contemplated, as provided for in the Transfer and Assignment Agreement.

**FURTHER RESOLVED,** that the proper Members/Managers of the Company, including _____, are each hereby authorized and directed, in the name and on behalf of the Company to (i) execute and deliver the Tranfer and Assignment Agreement, (ii) perform (or oversee the performance of) the Company's obligations under the Transaction Documents, and (iii) to take all other actions that such officer deems necessary or advisable to effectuate that part of the Transaction involving the Company.

**FURTHER RESOLVED,** that all actions taken by the proper Members/Managers of the Company in connection with the Transaction prior to

the date hereof are hereby ratified, affirmed and approved in all respects and for all purposes.

    **FURTHER RESOLVED,** that this unanimous written consent may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same document.

    **I HEREBY CERTIFY** as the _____ of the Company that the within resolution was approved and adopted by unanimous vote of all of the Members and Managers of the Company on _____, 2009, in accordance with the Regulations and Company Agreement of the Company.

    DATED: _____, 2009.

_____, Member

James N Gurlew, Member

_____, Member

_____, Member

2

## TRANSFER OF LIENS

Date: _6  9_, 2009

Holder of Obligations and Liens: Cambridge Management Group, LLC ("**CMG**")

Holder's Mailing Address:   ~~266 HaRRisTown Rd, Suite 3w~~
                            ~~125 State Street, Suite 100~~
                            ~~Hackensack,~~ Bergen County, New Jersey ~~07601~~    OK
                            Glen Rock                                   07452

Transferee:                 Bandas Law Firm, P.C.

Transferee's Mailing Address:   500 N. Shoreline Blvd., Suite 1020
                                Corpus Christi, Nueces County, Texas

Obligations:   All of Right of Way Maintenance Company, Inc.'s ("**ROWMEC**") obligation to pay CMG pursuant to the terms and conditions provided in that certain Settlement, Security Agreement and Limited Irrevocable Power of Attorney (the "**Assignment and Security Agreement**") dated September 28, 2007.

For value received, CMG, as Holder of the Obligations and Liens secured thereby, hereby transfers to Transferee all of its rights under that certain Deed of Trust dated October 19, 2007, recorded on January 16, 2009 in the Official Public Records of Real Property of Montgomery County, Texas under County Clerk's File No. 2009-004080 (the "**Deed of Trust**").

This transfer is without recourse on CMG, except as expressly provided in the document captioned Assignment of Contracts between CMG and the Transferee dated of even date herewith and CMG expressly waives and releases all present and future rights to establish or enforce the liens described in the Deed of Trust as security for payment of any future or other indebtedness.

When the context requires, singular nouns and pronouns include the plural.

CAMBRIDGE MANAGEMENT GROUP, LLC,
a Delaware limited liability company,

By: _____
Name: _James N Groveland_
Title: _Pres_

05905.1 / 1165833.5

THE STATE OF NEW JERSEY §
§
COUNTY      OF      BERGEN §

    This instrument was acknowledged before me on this the 9ᵗʰ day of
_Juno_, 2009, by _James Giordano_, _President_ of
CAMBRIDGE MANAGEMENT GROUP, LLC, a Delaware limited liability company, on
behalf of said company.

Attorney Notary Public in and for
The State of New Jersey & NY   Rosanne Palumbo

2

05905.1 / 1165833.5

### ACKNOWLEDGEMENT OF
### CAMBRIDGE MANAGEMENT GROUP, LLC

       CAMBRIDGE MANAGEMENT GROUP, LLC, and BANDAS LAW FIRM, P.C. ("**Bandas**") which firm was counsel to RIGHT OF WAY MAINTENANCE COMPANY, INC. ("**ROWMEC**") with respect to the prosecution on ROWMEC'S behalf of certain litigation entitled *Right of Way Maintenance Company, Inc. v. Gyro-Trac, Inc. and Gyro-Trac USA Inc., et al.*; Index No. 05-4081 (U.S.D.C.S.D. Texas) (the "**Litigation**") enter into this agreement for the purpose and consideration hereinafter expressed.  The Litigation is the same matter in which ROWMEC has assigned a portion of its right, title and interest to CAMBRIDGE MANAGEMENT GROUP, LLC ("**CMG**" or "**Assignee**"), pursuant to that certain Agreement Assigning Interest in Settlement, Security with Limited Irrevocable Power of Attorney (the "**Assignment and Security Agreement**"), dated September 28, 2007.

       CMG has, in turn, assigned ALL of its right, title and interest in and to the Assignment and Security Agreement and the Litigation to Bandas (the "**Assignment**").  CMG does hereby certify that the representations of CMG and ROWMEC set forth in the Assignment and Security Agreement are true and accurate to the best of its knowledge as to matters which are within its knowledge.  If the recovery from the Litigation comes into CMG's possession, CMG shall hold same as the fiduciary for Bandas, will immediately notify Bandas that it is in possession of monies representing a recovery, or a portion thereof, and will immediately deliver to Bandas the portion of the recovery due to CMG under the Assignment and Security Agreement, pursuant to the instructions of Bandas and the terms of the Assignment.

DATED: _6 9 09_____.

                 CAMBRIDGE MANAGEMENT GROUP, LLC,
                 a Delaware limited liability company

                 By_____
                 Name: _James N Grandano_
                 Title: _Pres_

THE STATE OF NEW JERSEY    §
                          §
COUNTY    OF    BERGEN    §

This instrument was acknowledged before me on this the 9th day of
~~Ju~~ne ~~      , 2009, by *James Giordano* , *President* of
CAMBRIDGE MANAGEMENT GROUP, LLC, a Delaware limited liability company, on
behalf of said company.

Attorney Notary Public in and for
The State of New Jersey NY   Rosanne Palumbo

2

05905.1 / 1166890.1

**CAMBRIDGE MANAGEMENT GROUP, LLC**
266 Harristown Road – Suite 300
Glen Rock, New Jersey 07452
Phone: (201) 487.4646
Fax: (201) 487.7455

_____, 2009

Right of Way Maintenance Equipment
  Company, Inc.
11443 Old Hwy 105 East
Conroe, Texas 77303

Re:    Assignment of Agreement Assigning Interest in Settlement Security Agreement and Limited Irrevocable Power of Attorney dated September 28, 2007 by and among Cambridge Management Group, LLC ("**CMG**"), Right of Way Maintenance Equipment Company, Inc. ("**ROWMEC**") and Bandas Law Firm, P.C. ("**Bandas**")

Dear Sirs:

Cambridge Management Group, LLC has this day transferred all of its interest in and under the above-referenced agreement to the Bandas Law Firm, P.C. This was not a collateral assignment; it was a direct, outright assignment.

CMG hereby authorizes and directs you to make any payments owing under terms of the judgment rendered in Civil Action No. H-05-4081; In the United States District Court, Southern District of Texas styled _Right of Way Maintenance Company, Inc. dba ROWMEC v. Gyro Trac, Inc. and Gyro Trac USA, Inc., et al_ dated June 12, 2007 to Bandas Law Firm, P.C.

Very truly yours,

CAMBRIDGE MANAGEMENT GROUP, LLC,

By: _____
Name: _Jomes  N  Gurdens_
Title: _Pho_

05905.1 / 1171331.2