United States Courts
Southern District of Texas
FILED

NOV 3 0 2005

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RIGHT OF WAY MAINTENANCE COMPANY D/B/A ROWMEC<br>Plaintiff, | § § § § | H-05-4081 |
| v. | § § | C.A. _____ |
| GYRO-TRAC, INC., AND GYRO-TRAC (USA), INC.<br>Defendants. | § § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff complains of Defendants as follows:

### I.

### PARTIES

1. Plaintiff RIGHT OF WAY MAINTENANCE COMPANY D/B/A ROWMEC ("ROWMEC") is a Texas Corporation having its principal place of business in Montgomery County, Texas.

2. Defendant Gyro-Trac, Inc. ("GT Canada") is a foreign corporation organized and existing under the laws of Canada. This Defendant may be served with process by serving the acting Secretary of State, Geoff Conner, as its agent for service at P.O. Box 12887, Austin, Texas 78711-2887.

3. Defendant Gyro-Trac (USA), Inc. ("GT USA") is a foreign corporation organized and existing under the laws of State of South Carolina. This Defendant may be served with process by serving the acting Secretary of State, Geoff Conner, as its agent for service at P.O. Box 12887, Austin, Texas 78711-2887.


CK#1090

Exhibit K

## II.

## JURISDICTION AND VENUE

4.     This Court has personal jurisdiction over the Defendants because of their activities in the State of Texas and within the Southern District of Texas.

5.     This court has jurisdiction over the parties and subject matter of this suit pursuant to 28 U.S.C. §1332(a). Plaintiff is a Texas corporation having its principal place of business in Texas. The corporate defendants are foreign corporations having their principal places of business outside Texas. There is complete diversity between the parties, and the amount in controversy exceeds, exclusive of interest and costs, the sum of $75,000, as hereinafter more fully appears.

6.     Venue is proper in the United States District Court for the Southern District of Texas, Houston Division pursuant to 28 USC §1391(a)(2), in that a substantial part of the events or omissions giving rise to the claims asserted herein occurred in this District and Division.

## III.

## FACTS

7.     On or about September 12, 2003, Plaintiff executed a contract with Defendants that settled a prior lawsuit between these parties arising from, among other things, patent infringement by the Defendants (the "Settlement Agreement").

8.     The Settlement Agreement established Plaintiff as an exclusive dealer of Gyro-Trac products in Texas, Louisiana, Oklahoma, Arkansas, and New Mexico.

9.     The Settlement Agreement also established the terms on which Defendants would sell and/or consign certain equipment to Plaintiff, which created a "most favorite dealer" pricing

clause that sets Plaintiff's costs at Defendants' "lowest wholesale price, less and additional ten percent (10%)."

10. The Settlement Agreement also granted a license to the Defendants in certain intellectual property owned by Plaintiff related to the design of certain cutter heads and cutter teeth used by certain types of tractors and heavy machinery in the land clearing industry.

11. In exchange for this license, the Settlement Agreement required Defendants to make certain up-front payments and certain ongoing commission, or royalty, payments to Plaintiff, the amounts of which were tied to certain sales requirements for Plaintiff of Defendants' products.

12. Since the execution of the Settlement Agreement, Defendants have failed to comply with its terms and have materially breached that agreement in at least the following ways: (1) Defendants have underpaid royalties to Plaintiff; (2) Defendants have violated Plaintiff's exclusive dealer rights in the specified territories; (3) Defendants have failed to supply tractors and equipment as required by the terms of the agreement; (4) Defendants have failed to provide required sales data; (5) Defendants have failed to honor certain manufacturer's warranties on products sold by Plaintiff; (6) Defendants have failed to sell products to Plaintiff on the standard terms and conditions established by the agreement; and (7) Defendants have failed to honor the "most favorite dealer" pricing clause.

13. In addition to the foregoing, Defendants have taken steps to divert sales by Plaintiff in the exclusive territories to Defendants.

14. Defendants have interfered with Plaintiff's business relationships with several existing and prospective customers by taking steps to divert certain sales to Defendants.

USCA5 31

15. To this end, Defendants have also made numerous untrue and disparaging remarks to Plaintiff's existing and prospective customers, the effect of which has been to harm Plaintiff through lost sales and lost prospective business relationships.

16. Plaintiff has fully complied with all terms of the Settlement Agreement.

## IV.

## CAUSES OF ACTION

**A.  First Count: Breach of Contract.**

17. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

18. By the conduct described herein, Defendants breached the terms of the Settlement Agreement.

19. Defendants' actions in this regard have resulted and are currently resulting in substantial damages to Plaintiff in an amount yet to be determined; however, these damages far exceed this Court's minimum jurisdictional limits of $75,000 (exclusive of costs and interest).

**B.  Second Count: Trade Disparagement in Violation of the Lanham Act.**

20. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

21. By making disparaging and misleading comments to Plaintiff's existing and prospective customers about Plaintiff that misrepresent the nature, characteristics and qualities of Plaintiff and its goods, Defendants have caused and will likely continue to damage Plaintiff in violation of Section 43(a) of the Lanham Act and 15 U.S.C. § 1125(a)(B).

22. Defendants' actions in this regard have resulted and are currently resulting in substantial damages to Plaintiff in an amount yet to be determined.

USCA5 32

C.    **Count 3: State Law Business Disparagement.**

23.    Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

24.    Defendant have published false and disparaging information about Plaintiff, with malice, without privilege, and which resulted in special damages to the Plaintiff, including but not limited to lost sales and lost prospective business relationships.

E.    **Count 4: State Law Tortious Interference.**

25.    Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

26.    By engaging in the conduct described herein, Defendants have interfered with Plaintiff's existing contracts and prospective economic relationships, which has directly and proximately caused harm to Plaintiff.

## V.

## EXEMPLARY DAMAGES

27.    Because Defendants have acted maliciously, willfully, and/or in reckless disregard of Plaintiff's rights, exemplary damages should be imposed on Defendants in amount to be determined.

## VI.

## ATTORNEYS FEES

28.    Plaintiff has retained the undersigned law firm to represent Plaintiff in this action. Plaintiff further prays for an award of reasonable and necessary attorneys' fees to Plaintiff, which would be equitable and just and authorized by Section 37.009 of the Civil Practice and Remedies Code.

USCA5 33

## VII.

## CONDITIONS PRECEDENT

29. All conditions precedent to ROWMEC's right to recover as requested herein have occurred or been satisfied.

## VIII.

## REQUEST FOR JURY TRIAL

30. Plaintiff requests a trial by jury.

## IX.

## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that Defendants be cited to appear and answer and, on final trial, that Plaintiff have judgment against Defendants for the following:

    a.    Actual/economic damages;

    b.    Exemplary damages as allowed by law;

    c.    Attorney fees;

    d.    Pre-judgment and post-judgment interest as allowed by law;

    e.    Costs of suit; and

    f.    All other relied to which Plaintiff may show itself justly entitled.

USCA5 34