IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| RIGHT OF WAY MAINTENANCE EQUIPMENT COMPANY, | § § § § | Case No. 09-35037 |
| Debtor. | § § § | Chapter 11 |

---

| | | |
|---|---|---|
| RIGHT OF WAY MAINTENANCE EQUIPMENT COMPANY, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | |
| CAMBRIDGE MANAGEMENT GROUP, LLC, BANDAS LAW FIRM, P.C., CHRISTOPHER A. BANDAS, ROBERT C. CURFISS, JACKSON WALKER, L.L.P., MOULTON & MEYER, L.L.P., PATRICIA A. SHACKELFORD, P.C. AND PATRICIA A. SHACKELFORD, GYRO-TRAC, INC. AND GYRO-TRAC (USA), INC., | § § § § § § § § § § § § § § | ADVERSARY NO. 09-03303 |
| Defendants. | § | |

### DEFENDANT ROBERT C. CURFISS' ORIGINAL ANSWER TO PLAINTIFF RIGHT OF WAY MAINTENANCE EQUIPMENT COMPANY'S ORIGINAL COMPLAINT

TO THE HONORABLE KAREN K. BROWN, UNITED STATES BANKRUPTCY JUDGE:

Defendant Robert C. Curfiss ("Defendant") hereby files this Original Answer to Plaintiff Right of Way Maintenance Equipment Company's ("Plaintiff") Original Complaint (Dkt. #1), as follows:

1

## I. JURISDICTION AND VENUE

1. Defendant admits the allegations contained in the first sentence of Paragraph 1 of Plaintiff's Original Complaint. Defendant admits the allegations contained in the second sentence of Paragraph 1 of Plaintiff's Original Complaint. Defendant denies the allegations contained in the third sentence of Paragraph 1 of Plaintiff's Original Complaint. Regarding the allegations contained in the fourth sentence of Paragraph 1 of Plaintiff's Original Complaint, Defendant admits that Plaintiff characterizes this lawsuit as a proceeding to recover fraudulent transfers, to equitably subordinate certain claims, and to recover damages for breach of contract, breach of fiduciary duty, and common law fraud. Defendant, however, denies that Plaintiff can recover any damages from Defendant under any theory of recovery.

## II. PARTIES

2. Defendant admits the allegations contained in Paragraph 2 of Plaintiff's Original Complaint.

3. Defendant can neither admit nor deny the allegations contained in Paragraph 3 of Plaintiff's Original Complaint.

4. Defendant admits the allegations contained in the first sentence of Paragraph 4 of Plaintiff's Original Complaint. Defendant admits the allegations contained in the second sentence of Paragraph 4 of Plaintiff's Original Complaint.

5. Defendant admits the allegations contained in Paragraph 5 of Plaintiff's Original Complaint.

6. Defendant admits the allegations contained in the first sentence of Paragraph 6 of Plaintiff's Original Complaint. Defendant can neither admit not deny the allegations contained in the remainder of Paragraph 6 of Plaintiff's Original Complaint.

7. Defendant admits the allegations contained in the Paragraph 7 of Plaintiff's Original Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Plaintiff's Original Complaint.

9. Defendant admits the allegations contained in the first sentence of Paragraph 9 of Plaintiff's Original Complaint. Defendant can neither admit not deny the allegations contained in the remainder of Paragraph 9 of Plaintiff's Original Complaint.

10. Defendant admits the allegations contained in the first sentence of Paragraph 10 of Plaintiff's Original Complaint. Defendant can neither admit not deny the allegations contained in the remainder of Paragraph 10 of Plaintiff's Original Complaint.

11. Defendant can neither admit not deny the allegations contained in the Paragraph 11 of Plaintiff's Original Complaint.

12. Defendant admits the allegations contained in the first sentence of Paragraph 12 of Plaintiff's Original Complaint. Defendant can neither admit not deny the allegations contained in the remainder of Paragraph 12 of Plaintiff's Original Complaint.

13. Defendant admits the allegations contained in the first sentence of Paragraph 13 of Plaintiff's Original Complaint. Defendant can neither admit not deny the allegations contained in the remainder of Paragraph 13of Plaintiff's Original Complaint.

### III. STATEMENT OF FACTS

*A. The Gyro-Trac I Law Suit*

14. Defendant admits the allegations contained in the first sentence of Paragraph 14 of Plaintiff's Original Complaint. Defendant admits the allegations contained in the second sentence of Paragraph 14 of Plaintiff's Original Complaint. Defendant admits the allegations contained in the third sentence of Paragraph 14 of Plaintiff's Original Complaint.

15. Defendant admits the allegations contained in the first sentence of Paragraph 15 of Plaintiff's Original Complaint. Defendant admits the allegations contained in the second sentence of Paragraph 15 of Plaintiff's Original Complaint. Defendant admits the allegations contained in the third sentence of Paragraph 15 of Plaintiff's Original Complaint.

16. Regarding the allegations contained in Paragraph 16 of Plaintiff's Original Complaint, Defendant admits that the section quoted is one of several provisions in the 2003 Settlement Agreement, which speaks for itself.

17. Defendant denies the allegations contained in the first sentence of Paragraph 17 of Plaintiff's Original Complaint. Defendant denies the allegations contained in the

second sentence of Paragraph 17 of Plaintiff's Original Complaint. Defendant denies the allegations contained in the third sentence of Paragraph 17 of Plaintiff's Original Complaint.

18. Defendant can neither admit nor deny the allegations contained in Paragraph 18 of Plaintiff's Original Complaint.

*B. The Gyro-Trac II Law Suit and Engagement of Bandas and Other Attorneys*

19. Defendant can neither admit nor deny the allegations contained in Paragraph 19 of Plaintiff's Original Complaint.

20. Defendant can neither admit nor deny the allegations contained in Paragraph 20 of Plaintiff's Original Complaint.

21. Defendant can neither admit nor deny the allegations contained in Paragraph 21 of Plaintiff's Original Complaint.

22. Defendant can neither admit nor deny the allegations contained in Paragraph 22 of Plaintiff's Original Complaint.

23. Defendant can neither admit nor deny the allegations contained in Paragraph 23 of Plaintiff's Original Complaint.

24. Defendant can neither admit nor deny the allegations contained in Paragraph 24 of Plaintiff's Original Complaint.

25. Defendant can neither admit nor deny the allegations contained in Paragraph 25 of Plaintiff's Original Complaint.

26. Defendant can neither admit nor deny the allegations contained in Paragraph 26 of Plaintiff's Original Complaint.

27. Defendant admits the allegations contained in the first sentence of Paragraph 27 of Plaintiff's Original Complaint. Defendant denies the allegations in the remaining portion of Paragraph 27 of Plaintiff's Original Complaint.

28. Defendant admits the allegations contained in the first sentence of Paragraph 28 of Plaintiff's Original Complaint. The second sentence of Paragraph 28 of Plaintiff's Original Complaint requires no response. Defendant admits the allegations contained in the third sentence of Paragraph 28 of Plaintiff's Original Complaint.

29. Defendant admits the allegations contained in the first sentence of Paragraph 29 of Plaintiff's Original Complaint. The second sentence of Paragraph 29 of Plaintiff's Original Complaint requires no response.

30. Defendant can neither admit nor deny the allegations contained in Paragraph 30 of Plaintiff's Original Complaint.

31. Defendant can neither admit nor deny the allegations contained in Paragraph 31 of Plaintiff's Original Complaint.

32. Defendant can neither admit nor deny the allegations contained in Paragraph 32 of Plaintiff's Original Complaint.

33. Defendant can neither admit nor deny the allegations contained in Paragraph 32 of Plaintiff's Original Complaint.

34. Defendant can neither admit nor deny the allegations contained in Paragraph 34 of Plaintiff's Original Complaint.

35. Defendant can neither admit nor deny the allegations contained in Paragraph 35 of Plaintiff's Original Complaint.

36. Defendant can neither admit nor deny the allegations contained in Paragraph 36 of Plaintiff's Original Complaint.

37. Defendant can neither admit nor deny the allegations contained in Paragraph 37 of Plaintiff's Original Complaint.

38. Defendant can neither admit nor deny the allegations contained in Paragraph 38 of Plaintiff's Original Complaint.

39. Defendant can neither admit nor deny the allegations contained in Paragraph 39 of Plaintiff's Original Complaint.

40. Defendant can neither admit nor deny the allegations contained in Paragraph 40 of Plaintiff's Original Complaint.

*C. The Supplemental Contract of Employment*

41. Defendant can neither admit nor deny the allegations contained in Paragraph 21 of Plaintiff's Original Complaint.

*D. The Deal with Cambridge*

42. Defendant can neither admit nor deny the allegations contained in Paragraph 42 of Plaintiff's Original Complaint.

*E. The Letter of Credit and Fifth Circuit Affirms on Final Judgment*

43. Defendant can neither admit nor deny the allegations contained in Paragraph 43 of Plaintiff's Original Complaint.

44. Defendant can neither admit nor deny the allegations contained in Paragraph 44 of Plaintiff's Original Complaint.

*F. O'Hagans' Demand that Bandas Pursue the Claim for Commissions Due Under ¶ 5 of the 2003 Settlement Agreement*

45. Defendant can neither admit nor deny the allegations contained in Paragraph 45 of Plaintiff's Original Complaint.

46. Defendant can neither admit nor deny the allegations contained in Paragraph 46 of Plaintiff's Original Complaint.

47. Defendant can neither admit nor deny the allegations contained in Paragraph 47 of Plaintiff's Original Complaint.

*G. The State Court Case and Events Leading Up to Its Filing*

48. Defendant can neither admit nor deny the allegations contained in Paragraph 48 of Plaintiff's Original Complaint.

49. Defendant can neither admit nor deny the allegations contained in Paragraph 49 of Plaintiff's Original Complaint.

50. Defendant can neither admit nor deny the allegations contained in Paragraph 50 of Plaintiff's Original Complaint.

51. Defendant can neither admit nor deny the allegations contained in Paragraph 51 of Plaintiff's Original Complaint.

52. Defendant can neither admit nor deny the allegations contained in Paragraph 52 of Plaintiff's Original Complaint.

53. Defendant can neither admit nor deny the allegations contained in Paragraph 53 of Plaintiff's Original Complaint.

54. Defendant can neither admit nor deny the allegations contained in Paragraph 54 of Plaintiff's Original Complaint.

55. Defendant can neither admit nor deny the allegations contained in Paragraph 55 of Plaintiff's Original Complaint.

56. Defendant can neither admit nor deny the allegations contained in Paragraph 56 of Plaintiff's Original Complaint.

57. Defendant can neither admit nor deny the allegations contained in Paragraph 57 of Plaintiff's Original Complaint.

## IV. CAUSES OF ACTION

*A. Count I -Fraudulent Transfer (11 U.S.C. §§ 548, and 550) Against Cambridge*

58. No response is necessary to Paragraph 58 of Plaintiff's Original Complaint. Regardless, Defendant incorporates his responses to Paragraphs 1-57 of Plaintiff's Original Complaint.

59. Defendant can neither admit nor deny the allegations contained in Paragraph 59 of Plaintiff's Original Complaint.

60. Defendant can neither admit nor deny the allegations contained in Paragraph 60 of Plaintiff's Original Complaint.

61. Defendant can neither admit nor deny the allegations contained in Paragraph 62 of Plaintiff's Original Complaint.

*B. Count II -Fraudulent Transfer (11 U.S.C. §§ 548, and 550) Against Bandas*

62. No response is necessary to Paragraph 62 of Plaintiff's Original Complaint. Regardless, Defendant incorporates his responses to Paragraphs 1-61 of Plaintiff's Original Complaint.

63. Defendant can neither admit nor deny the allegations contained in Paragraph 63 of Plaintiff's Original Complaint.

64. Defendant can neither admit nor deny the allegations contained in Paragraph 64 of Plaintiff's Original Complaint.

65. Defendant can neither admit nor deny the allegations contained in Paragraph 64 of Plaintiff's Original Complaint.

66. Defendant can neither admit nor deny the allegations contained in Paragraph 65 of Plaintiff's Original Complaint.

*C. Count III – Breach of 2003 Settlement Agreement by Gyro-Trac*

67. Defendant can neither admit nor deny the allegations contained in Paragraph 67 of Plaintiff's Original Complaint.

68. Defendant denies the allegations contained in Paragraph 68 of Plaintiff's Original Complaint.

69. Defendant can neither admit nor deny the allegations contained in Paragraph 69 of Plaintiff's Original Complaint.

70. Defendant can neither admit nor deny the allegations contained in Paragraph 70 of Plaintiff's Original Complaint.

71. Regarding the allegations contained in Paragraph 71 of Plaintiff's Original Complaint, Defendant admits that Plaintiff seeks to recover attorneys' fees for breach of the 2003 Settlement Agreement. Defendant denies the remaining allegations contained in Paragraph 71 of Plaintiff's Original Complaint.

*D. Count IV – Breach of Fiduciary Duty as Against Curfiss, Bandas, Meyer and Shackelford*

72. No response is necessary to Paragraph 72 of Plaintiff's Original Complaint. Regardless, Defendant incorporates his responses to Paragraphs 1-71 of Plaintiff's Original Complaint.

73. Defendant denies the allegations contained in Paragraph 73 of Plaintiff's Original Complaint.

74. Defendant denies the allegations contained in the first sentence of Paragraph 74 of Plaintiff's Original Complaint. Defendant denies the allegations contained in the second sentence of Paragraph 74 of Plaintiff's Original Complaint.

75. Defendant denies the allegations contained in the first sentence of Paragraph 75 of Plaintiff's Original Complaint. Defendant denies the allegations contained in the second sentence of Paragraph 75 of Plaintiff's Original Complaint.

76. Defendant can neither admit nor deny the allegations contained in Paragraph 76 of Plaintiff's Original Complaint.

77. Defendant denies the allegations contained in Paragraph 77 of Plaintiff's Original Complaint.

78. Defendant can neither admit nor deny the allegations contained in Paragraph 78 of Plaintiff's Original Complaint.

79. Defendant can neither admit nor deny the allegations contained in Paragraph 79 of Plaintiff's Original Complaint.

80. Defendant can neither admit nor deny the allegations contained in Paragraph 80 of Plaintiff's Original Complaint.

81. Defendant can neither admit nor deny the allegations contained in Paragraph 81 of Plaintiff's Original Complaint.

82. Defendant can neither admit nor deny the allegations contained in Paragraph 82 of Plaintiff's Original Complaint.

83. Defendant denies the allegations contained in Paragraph 83 of Plaintiff's Original Complaint.

84. Regarding the allegations contained in Paragraph 84 of Plaintiff's Original Complaint, Defendant denies that Plaintiff should receive any monetary, equitable, or injunctive relief from or against Defendant. Defendant further denies that Plaintiff should prevail on any of its claims or recover any damages from Defendant.

85. Regarding the allegations contained in Paragraph 85 of Plaintiff's Original Complaint, Defendant denies that Plaintiff should receive any monetary, equitable, or injunctive relief from or against Defendant. Defendant further denies that Plaintiff should prevail on any of its claims or recover any damages from Defendant.

86. Regarding the allegations contained in Paragraph 86 of Plaintiff's Original Complaint, Defendant denies that Plaintiff should receive any monetary, equitable, or injunctive relief from or against Defendant. Defendant further denies that Plaintiff should prevail on any of its claims or recover any damages from Defendant.

*E. Count V – Professional Negligence as Against Curfiss, JW, Bandas, Meyer and Shackelford*

87. No response is necessary to Paragraph 87 of Plaintiff's Original Complaint. Regardless, Defendant incorporates his responses to Paragraphs 1-86 of Plaintiff's Original Complaint.

88. Defendant denies the allegations contained in Paragraph 88 of Plaintiff's Original Complaint.

89. Defendant denies the allegations contained in Paragraph 89 of Plaintiff's Original Complaint

90. Regarding the allegations contained in Paragraph 90 of Plaintiff's Original

Complaint, Defendant denies that he committed professional negligence or that he is liable for professional negligence. Defendant further denies that Plaintiff should recover any damages on its professional negligence claim.

91. Regarding the allegations contained in Paragraph 91 of Plaintiff's Original Complaint, Defendant denies that Plaintiff should receive any monetary, equitable, or injunctive relief from or against Defendant. Defendant further denies that Plaintiff should prevail on any of its claims or recover any damages from Defendant.

F. *Count VI – Preferential Transfer (11 U.S.C. §§ 547 and 550) Against Bandas, Meyer and Shackelford*

92. Defendant can neither admit nor deny the allegations contained in Paragraph 92 of Plaintiff's Original Complaint.

93. Defendant can neither admit nor deny the allegations contained in Paragraph 93 of Plaintiff's Original Complaint.

94. Defendant can neither admit nor deny the allegations contained in Paragraph 94 of Plaintiff's Original Complaint.

G. *Count VII – Equitable Subordination (11 U.S.C. § 510)*

95. No response is necessary to Paragraph 95 of Plaintiff's Original Complaint. Regardless, Defendant incorporates his responses to Paragraphs 1-94 of Plaintiff's Original Complaint.

96. Defendant denies the allegations contained in Paragraph 96 of Plaintiff's Original Complaint.

97. Defendant denies the allegations contained in Paragraph 97 of Plaintiff's Original Complaint.

98. Defendant denies the allegations contained in Paragraph 98 of Plaintiff's Original Complaint.

99. Defendant denies the allegations contained in Paragraph 99 of Plaintiff's Original Complaint.

100. Defendant denies the allegations contained in Paragraph 100 of Plaintiff's Original Complaint.

H. *Count VIII – Fraud as to Bandas, Curfiss, Meyer and Shackelford*

101. No response is necessary to Paragraph 101 of Plaintiff's Original Complaint.

Regardless, Defendant incorporates his responses to Paragraphs 1-100 of Plaintiff's Original Complaint.

102. Defendant denies the allegations contained in the first sentence of Paragraph 102 of Plaintiff's Original Complaint. The second sentence of Paragraph 102 of Plaintiff's Original Complaint contains a statement concerning the law, to which no response is required. Regardless, Defendant denies that he committed fraud or that he defrauded Plaintiff. The third sentence of Paragraph 102 of Plaintiff's Original Complaint contains a statement concerning the law, to which no response is required. Regardless, Defendant denies that he committed fraud or that he defrauded Plaintiff.

103. Defendant can neither admit nor deny the allegations contained in Paragraph 103 of Plaintiff's Original Complaint.

104. Defendant can neither admit nor deny the allegations contained in Paragraph 104 of Plaintiff's Original Complaint.

105. Regarding the allegations contained in Paragraph 105 of Plaintiff's Original Complaint, Defendant denies that Plaintiff should receive any monetary, equitable, or injunctive relief from or against Defendant. Defendant further denies that Plaintiff should prevail on any of its claims or recover any damages from Defendant.

106. Regarding the allegations contained in Paragraph 106 of Plaintiff's Original Complaint, Defendant denies that Plaintiff should receive any monetary, equitable, or injunctive relief from or against Defendant. Defendant further denies that Plaintiff should prevail on any of its claims or recover any damages from Defendant.

107. Regarding the allegations contained in Paragraph 107 of Plaintiff's Original Complaint, Defendant denies that Plaintiff should receive any monetary, equitable, or injunctive relief from or against Defendant. Defendant further denies that Plaintiff should prevail on any of its claims or recover any damages from Defendant.

108. Defendant can neither admit nor deny the allegations contained in Paragraph 108 of Plaintiff's Original Complaint.

109. Defendant can neither admit nor deny the allegations contained in Paragraph 109 of Plaintiff's Original Complaint.

*J. Count X – The Defective Acknowledgement in the Deed of Trust (11 U.S.C. § 544(a))*

110. Defendant can neither admit nor deny the allegations contained in Paragraph 110 of Plaintiff's Original Complaint.

111. Defendant can neither admit nor deny the allegations contained in Paragraph 111 of Plaintiff's Original Complaint.

112. Paragraph 112 of Plaintiff's Original Complaint contains a statement concerning the law, to which no response is required.

113. Regarding the allegations contained in Paragraph 113 of Plaintiff's Original Complaint, Defendant admits that Plaintiff seeks to recover under 11 U.S.C. § 544(a). Defendant denies the remaining allegations contained in Paragraph 113 of Plaintiff's Original Complaint.

## V. PUNITIVE DAMAGES

114. The first sentence of Paragraph 114 of Plaintiff's Original Complaint contains a statement concerning the law, to which no response is required. Regardless, Defendant denies that Plaintiff should recover punitive damages or any damages from Defendant on any of Plaintiff's claims. Defendant further denies that Plaintiff should prevail on any of its claims or recover any damages from Defendant. The second sentence of Paragraph 114 of Plaintiff's Original Complaint contains a statement concerning the law, to which no response is required. Regardless, Defendant denies that Plaintiff should recover punitive damages or any damages from Defendant on any of Plaintiff's claims. Defendant further denies that Plaintiff should prevail on any of its claims or recover any damages from Defendant. Defendant denies the allegations contained in the third sentence of Paragraph 114 of Plaintiff's Original Complaint. Defendant denies the allegations contained in the fourth sentence of Paragraph 114 of Plaintiff's Original Complaint. Defendant denies the allegations contained in the fifth sentence of Paragraph 114 of Plaintiff's Original Complaint.

## VI. ACCOUNTING AND REASONABLENESS AND NECESSITY OF EXPENSES

115. Defendant denies that Plaintiff should receive an accounting of expenses and a determination of whether they were reasonable and necessary.

## VII. ATTORNEY FEES

116. Defendant denies that Plaintiff should recover attorney's fees from Defendant. Defendant further denies that Plaintiff should prevail on any of its claims or recover any damages from Defendant.

## VIII. PRAYER FOR RELIEF

117. Defendant denies the allegations contained in the Prayer Paragraph of Plaintiff's Original Complaint. Defendant denies that Plaintiff should prevail on any of its claims or recover any form of relief from Defendant.

### Defenses and Affirmative Defenses

118. Plaintiff's claims are barred, in whole or in part, by waiver.

119. Plaintiff's claims are barred, in whole or in part, by laches.

120. Plaintiff's claims are barred, in whole or in part, by estoppel.

121. Plaintiff's claims are barred, in whole or in part, by the statutes of limitations applicable to Plaintiff's claims.

122. Plaintiff's claims are barred, in whole or in part, by collateral estoppel.

123. Plaintiff's claims are barred, in whole or in part, by res judicata.

124. Plaintiff's claims are barred, in whole or in part, by prior material breach.

### Jury Demand

125. Defendant demands a jury trial.

### Right to Amend

126. Defendant reserves the right to amend this Original Answer to Plaintiff's Original Complaint in accordance with the Federal Rules of Bankruptcy Procedure and as discovery progresses.

### Conclusion and Prayer

127. WHEREFORE, PREMISES CONSIDERED, Defendant Robert C. Curfiss prays that the Court enter a take-nothing judgment in their favor. Defendant Robert C.

Curfiss further prays for any additional relief, either at law or in equity, to which they may be justly entitled.

Respectfully submitted,

*[signature]*

Robert C. Curfiss
State Bar No. 052542005
19826 Sundance Drive
Humble, Texas 77346
Telephone: 832-573-1442
Fax: 832-644-6152
e-mail: bob@curfiss.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been duly sent via CM/ECF on this the 4th day of September, 2009 to all counsel of record.

By: *[signature]*
Name: Heather M. Forrest