## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| RIGHT OF WAY MAINTENANCE | § | BANKRUPTCY NO. 09-35037 |
| COMPANY | § | (Chapter 11) |
| | § | |
| *Debtor.* | § | |
| | § | |
| RIGHT OF WAY MAINTENANCE | § | |
| COMPANY | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | ADVERSARY NO. 09-03303 |
| v. | § | |
| | § | |
| CAMBRIDGE MANAGEMENT GROUP, | § | |
| LLC, *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

### GYRO-TRAC, INC. AND GYRO-TRAC (USA), INC.'S
### MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT

Defendants, Gyro-Trac, Inc. and Gyro-Trac (USA), Inc. ("Gyro-Trac"), file this Motion to Dismiss for Failure to State a Claim and Alternative Motion for More Definite Statement against Defendants, Bandas Law Firm, P.C., Christopher A. Bandas, Jeffrey D. Meyer, and Moulton & Meyer, LLP (collectively "Bandas and Meyer"), as follows:

### INTRODUCTORY STATEMENT

In this litigation festival, Gyro-Trac has been dragged in for no reason.    The latest example is the recent cross claim against Gyro-Trac filed by ROWMEC's former counsel,

Bandas and Meyer.   In their cross claim, Bandas and Meyer have failed to state a claim against Gyro-Trac for which relief can be granted, and dismissal is appropriate.   In the alternative, the Court should order Bandas and Meyer to re-plead their allegations against Gyro-Trac and identify what their cause of action is.

<u>ARGUMENT & AUTHORITY</u>

### I.   BANDAS AND MEYER HAVE FAILED TO STATE A CAUSE OF ACTION AGAINST GYRO-TRAC.

Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court should dismiss Bandas and Meyer's claims against Gyro-Trac because there is no independent cause of action for collection on a final judgment.   *See Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir.1991) (discussing the standard for granting motions to dismiss for failure to state a claim).   In their cross-claim against Gyro-Trac, Bandas and Meyer merely assert that they have some interest in amounts that might still be due under the Final Judgment:

> Defendants would show that they are entitled to 45% of any interest on the judgment in the Gyro-Trac II lawsuit that is not satisfied by the $3,600,000 letter of credit.   Accordingly, Defendants are entitled to recover from Gyro-Trac, Inc. and Gyro-Trac (USA), Inc. 45% of any interest on the judgment in the Gyro-Trac II lawsuit that is not satisfied by the $3,600,000 letter of credit based on their lien and in accordance with the Texas Property Code.

(Dkt. # 49 at ¶ 143.)   In reality, Bandas and Meyer's allegations against Gyro-Trac are really a claim against *ROWMEC* that Bandas and Meyer have an interest in the Final Judgment.

There is simply no additional relief that this Court could award Bandas and Meyer over and above the Final Judgment, and if Bandas and Meyer do indeed have an interest

Gyro-Trac, Inc. and Gyro-Trac (USA), Inc.'s
Motion to Dismiss for Failure to State a Claim and
Alternative Motion for More Definite Statement                                      2

in the Final Judgment, then that should be taken up with the District Court pursuant to Federal Rule of Civil Procedure 69.   Therefore, taking Bandas and Meyer's allegations as true, they have not stated any facts entitling them from any relief that this Court can award.

## II.   IN THE ALTERNATIVE, THE COURT SHOULD ORDER BANDAS AND MEYER TO RE-PLEAD THEIR ALLEGATIONS AGAINST GYRO-TRAC.

Even assuming that Bandas and Meyer have asserted a claim against Gyro-Trac, the Court should order Bandas and Meyer to re-plead because Gyro-Trac cannot frame its response to the allegations.   *See* Fed. R. Civ. P. 12(e).   Specifically, Bandas and Meyer do not identify what their cause of action against Gyro-Trac is, which makes it impossible for Gyro-Trac to assert any affirmative defenses that it may have.   Therefore, assuming there is a cause of action, the Court should order Bandas and Meyer to state what it is. *See Sisk v. Texas Parks and Wildlife Dept.*, 644 F.2d 1056, 1059 (5th Cir. 1981) ("If a complaint is ambiguous or does not contain sufficient information to allow a responsive pleading to be framed, the proper remedy is a motion for a more definite statement . . . .").

FOR THESE REASONS, Defendants, Gyro-Trac, Inc. and Gyro-Trac (USA), Inc., respectfully requests that the Court dismiss the cross-claims of Bandas and Meyer against them, or in the alternative order Bandas and Meyer to re-plead with a more definite statement of the cause of action, and for all other relief in law or in equity to which they are justly entitled.

Gyro-Trac, Inc. and Gyro-Trac (USA), Inc.'s
Motion to Dismiss for Failure to State a Claim and
Alternative Motion for More Definite Statement                    3

Respectfully submitted,

By:_____/s/ Jared G. LeBlanc by permission_____
      James P. Keenan
      Texas Bar No. 1167850
      Federal Bar No. 1421

      ATTORNEY-IN-CHARGE FOR DEFENDANTS
      GYRO-TRAC, INC. AND GYRO-TRAC (USA), INC.

OF COUNSEL:

Ann E. Webb
Texas Bar No. 21017600
Federal Bar No. 10243

Jared G. LeBlanc
Texas Bar No. 24046279
Federal Bar No. 575408

BUCK, KEENAN, GAGE, LITTLE & LINDLEY, L.L.P.
5100 Bank of America Center
700 Louisiana
Houston, Texas   77002
(713) 225-4500
(713) 225-3719 fax

Gyro-Trac, Inc. and Gyro-Trac (USA), Inc.'s
Motion to Dismiss for Failure to State a Claim and
Alternative Motion for More Definite Statement

4

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing Gyro-Trac, Inc. and Gyro-Trac (USA), Inc.'s Motion to Dismiss for Failure to State a Claim and Alternative Motion for More Definite Statement was forwarded to all counsel of record in this cause by the Clerk's CM/ECF service, unless otherwise noted, on September 9, 2009.


    /s/ Jared G. LeBlanc                             
    Jared G. LeBlanc

Gyro-Trac, Inc. and Gyro-Trac (USA), Inc.'s
Motion to Dismiss for Failure to State a Claim and                    5
Alternative Motion for More Definite Statement